UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOHN C. CARLISLE, P.C.,

       Plaintiff,                    CIVIL ACTION NO. 05 CV 71881 DT

      v.                               DISTRICT JUDGE DENISE PAGE HOOD

HARTFORD CASUALTY         MAGISTRATE JUDGE VIRGINIA MORGAN
INSURANCE COMPANY and
SIMON ROOFING COMPANY, LLC.,

       Defendants.
_____/

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO COMPEL
AND GRANTING DEFENDANT'S MOTION TO COMPEL**

This matter is before the court on Defendant's Motion to Compel Answers to Defendant's First Set of Interrogatories Directed to Plaintiff and/or Second Motion to Dismiss as a Result of Plaintiff's Refusing to Provide Discovery filed January 5, 2006 (D/E 31) and Plaintiff's Motion to Compel Production of Documents filed January 13, 2006 (D/E 36). A hearing on the motions was held on the record before the magistrate judge on February 17, 2006.

The case arises out of an insurance dispute where defendant Hartford insured a location where John C. Carlisle practiced law. A confidentiality order is in place. On or about November 24, 2003, the location suffered "water damage." Hartford represents that it paid some

$750,000.00 on the claim, including roof repair.  Subsequently, Hartford rejected the "Sworn Statement in Proof of Loss."  In a letter dated April 14, 2005, Hartford stated its reasons for rejecting the proof of loss and asked for additional documentation.  Carlisle did not respond and instead brought this lawsuit, seeking an additional one million dollars for *inter alia* business interruption loss.

The court has previously conducted a phone conference and discovery conference.  Despite these efforts, these two additional motions have been filed.

After listening to argument and reviewing the unsigned responses, and for the reasons stated on the record, IT IS ORDERED that Defendant's Motion to Compel (D/E 31)  IS GRANTED.

IT IS FURTHER ORDERED that plaintiff shall fully and completely provide signed answers to the interrogatories and provide all responsive documents on or before March 1, 2006, including but not limited to signed contingency fee agreements and other evidence supporting the damages claim for lost  work.  Any cases in the "pipeline" claimed to be affected by the water damage should be identified with plaintiff's name, cases status, and disposition.

If interrogatories and responsive documents are not so provided, then it is recommended to the district judge that the case be dismissed.

With respect to Plaintiff's Motion to Compel production of the claim file (D/E 36), the court has also considered the pleadings and arguments of counsel.  The Motion to Compel is denied.  The court finds that the request is overly broad because it requests documents covered by the attorney-client and work-product privilege and which are not likely to lead to admissible

evidence. Hartford has provided about 1300 pages of documents from the file, and plaintiff has not clearly identified why this production is insufficient.

Plaintiff has argued that the policy was fraudulently issued because Hartford "never intended to pay." However, no source for this allegation is identified and no affidavit is provided regarding the circumstances of the representations. Thus, the court can attach little credence to this representation. In addition, if the loss claimed by plaintiff falls under the language of the insurance policy, then Hartford is obligated to pay the claim regardless of whether it intended to or not. Thus, Hartford's intent is not material.

Therefore, IT IS ORDERED that Plaintiff's Motion to Compel Production IS DENIED. No costs to either side.

    SO ORDERED.

        s/Virginia M. Morgan
        VIRGINIA M. MORGAN
        UNITED STATES MAGISTRATE JUDGE

Dated: February 17, 2006

### PROOF OF SERVICE

The undersigned certifies that the foregoing Memorandum Opinion and Order was served upon counsel of record via the Court's ECF System and/or U. S. Mail on February 17, 2006.

        s/Jennifer Hernandez
        Case Manager to
        Magistrate Judge Virginia M. Morgan